IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY L. POWELL, SR., | ) | Case No. 2:20-CV-01977-JLG-EPD |
| | ) | |
| Plaintiff, | ) | The Honorable Judge James L. Graham |
| | ) | |
| v. | ) | Chief Magistrate Judge Elizabeth P. Deavers |
| | ) | |
| FLUOR-B&W PORTSMOUTH LLC, | ) | |
| | ) | **AGREED CONFIDENTIALITY** |
| Defendant. | ) | **STIPULATION AND PROPOSED** |
| | ) | **PROTECTIVE ORDER** |
| | ) | |

The parties have agreed to the terms of this Confidentiality Stipulation and respectfully request that this Court enter a Protective Order accordingly as follows:

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED AND AGREED by the parties, Plaintiff Bradley L. Powell, Sr. and Defendant Fluor-BWXT Portsmouth LLC, by and through their respective counsel, that:

(A) (i) This Stipulation and Order governs the handling of all documents (whether in written, taped, or electronic form), testimony and other information, including all copies, excerpts, and summaries thereof (collectively, "material"), produced, given or filed during discovery and other proceedings in this action.

(ii) The provisions of this Stipulation and Order shall apply to (1) the parties in this action, and (2) any other person producing or disclosing material in this action who agrees to be bound by the terms of this Stipulation and Order. As used herein, "person" includes the

named parties to the above-captioned case and others who have agreed to be bound by this Stipulation and Order.

(B)     Any person may designate as "Confidential" any material that it produces in the course of this litigation (including appeals) when such person (in the case of a corporate party, through a managing agent of the corporate party, which can include its in-house counsel and outside counsel) in good faith believes such material contains non-public information relating to the customers, clients, and/or business partners of any party, personal or confidential information regarding current and former employees, private medical information of any party or any party's current or former employee, customer, client, and/or business partner, and/or sensitive commercial, financial, or proprietary business information, including the information contained in, or derived from, the contents of such confidential material (hereinafter "Confidential Material").

(C)     Confidential Material shall be subject to the following restrictions:

(i)     Confidential Material shall be used only for the purpose of this litigation (including appeals) and for no other purpose (unless authorized by this Court) and may only be disclosed, given, shown, made available or communicated, directly or indirectly, to the persons listed in Paragraph (C)(ii) below.

(ii)     Confidential Material may be disclosed only to:

(1)     the parties to this action and/or employees of the parties who need access to Confidential Material for a purpose articulated in Paragraph (i), above;

(2)     counsel of record in this case for the parties, outsourced personnel, and employees of such counsel;

2

    (3)  the Court (including court reporters, stenographic reporters and court personnel) and jury;

    (4)  experts and consultants retained by the parties or counsel in this action;

    (5)  any claims representative(s) for any party's insurer; and

    (6)  any other person as to whom the producing person agrees in writing.

  (iii)  Notwithstanding any of the foregoing provisions, this Stipulation and Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Material.

  (D)  Each person given access to Confidential Material pursuant to the terms hereof (other than persons described in Paragraphs (C)(ii)(2)-(3) above) shall be advised that the Confidential Material is being disclosed in accordance with the terms of this Stipulation and Order and may be disclosed only in accordance with the terms hereof; and that the violation of the terms of this Stipulation and Order may constitute contempt of a court order. Before any person (other than persons described in Paragraphs (C)(ii)(2)-(3) above) is given access to Confidential Material, he or she must first execute a Certificate of Acknowledgment agreeing to the terms of this Stipulation and Order. In the event a dispute arises, Certificates of Acknowledgement will be produced upon written request.

  (E)  Confidential Material shall be designated as follows:

  (i)  In the case of documents, the designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to the production.

    (ii) In the case of discovery responses, the designation shall be made by stating in response to the discovery request that the information contained in the response is "CONFIDENTIAL" and subject to protective order.

    (iii) In the case of deposition transcripts, a designation can be made by any party by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" and subject to protective order or by providing notice in writing to the other party (no later than 15 business days after receipt of the deposition transcript) that all or any portion of the deposition transcript be designated as "CONFIDENTIAL" under the terms of the Stipulation and Order. All copies of deposition transcripts that contain Confidential Material shall be prominently marked "CONFIDENTIAL" on the cover thereof.

 (F) If a party wishes to file with the Court any information or documents that the other party has designated as "CONFIDENTIAL," the filing party will move this Court for an order permitting filing of such materials or information under seal. Prior to filing any such motion for an order permitting the filing of documents under seal, the parties will first confer regarding the need to maintain the confidential status of the designated documents.

 (G) (i) No party concedes that any material designated by any other person as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material. Any party may, upon ten (10) days' advance written notice to the other party, move this Court for (1) modification of this Stipulation and Order, or (2) relief from the provisions of this Stipulation and Order. In addition, the parties may agree in writing or on a transcribed record to necessary modifications of this Stipulation and Order.

4

(ii) A party shall not be obligated to challenge the propriety of the designation of material as Confidential Material, at the time made, and failure to do so shall not preclude a subsequent challenge thereof.  If a party challenges such designation, it shall provide written notice of such challenge to the designating person, and the parties shall attempt to resolve any challenge in good faith on an expedited and informal basis.  If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may, on ten (10) days' advance written notice to the other party, apply for an appropriate ruling(s) from the Court.  The material in issue shall continue to be treated as designated until the Court orders otherwise.

(H) This Stipulation and Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals.  Within thirty (30) days of the conclusion of this litigation (including appeals), every party and person subject to the terms of this Stipulation and Order shall collect and either return to the producing party or person all Confidential Material obtained from the producing party or person, and all copies of such Confidential Material or destroy the Confidential Material.  Notwithstanding the foregoing, there shall be no obligation to return any Confidential Material that became a part of the Court's record in this action (by use as a trial exhibit, inclusion in a court filing, inclusion in the record on any appeal, or otherwise).

(I) Notwithstanding anything to the contrary contained in this Stipulation and Order, the obligations of secrecy, confidentiality, non-disclosure, and non-use on the part of any party shall not apply to information that:

(i) is already in the unrestricted and rightful possession of the non-designating party or in the public domain at the time of receipt;

(ii) becomes public knowledge after receipt through no fault of the non-designating party, the non-designating party's counsel, or any expert or consultant retained by the non-designating party; or

(iii) is transmitted to the non-designating party by a third party having no obligation to the designating party.

(J) This Court shall retain jurisdiction over the parties and those persons subject to this Stipulation and Order for purposes of enforcing the provisions of this Stipulation and Order; and all parties consent to the personal jurisdiction of this Court for such purposes.

IT IS SO ORDERED.

s/ *Elizabeth A. Preston Deavers*_____
ELIZABETH A. PRESTON DEAVERS
CHIEF MAGISTRATE JUDGE

APPROVED BY:

| | |
|---|---|
| */s/ Mark J. Byrne (via e-mail authorization)* <br> Mark J. Byrne (0029243) <br> Jacobs, Kleinman, Seibel & McNally, LPA <br> Cincinnati Club Building <br> 30 Garfield Place, Suite 905 <br> Cincinnati, OH 45202 <br> 513-381-6600 <br> 513-381-4150 (FAX) <br> Email: mbyrne@jksmlaw.com <br><br> *Attorney for Plaintiff* | */s/ Amanda T. Quan* <br> Ellen Toth (0056176) <br> Amanda T. Quan (0086623) <br> Ogletree, Deakins, Nash, Smoak & Stewart, P.C. <br> Key Tower <br> 127 Public Square, Suite 4100 <br> Cleveland, OH 44114 <br> 216-241-6100 <br> 216-357-4733 (FAX) <br> Email: ellen.toth@ogletree.com <br> amanda.quan@ogletree.com <br><br> *Attorneys for Defendant* |

Dated: June 2, 2020